(No. 11026.—Judgment affirmed.)

THE PEOPLE ex rel. Lee H. Hook et al. Defendants in Error, vs. MATT BUCONICH et al. Plaintiffs in Error.

*Opinion filed February 21, 1917.*

1. APPEALS AND ERRORS—*a judgment is reviewed on the record, alone.* The Appellate Court reviews the judgment of a trial court upon the record, alone, and the Supreme Court reviews the judgment of the Appellate Court in the same way, the question in each case being whether the court whose judgment is under review committed error to the prejudice of the appellant or plaintiff in error.

2. SAME—*when parties cannot complain of judgment.* Parties who procure an erroneous decision of a court or who acquiesce therein cannot complain of it.

3. SAME—*Supreme Court cannot consider questions not raised in Appellate Court.* Questions not raised in the trial court or the Appellate Court cannot be considered by the Supreme Court as grounds for reversal, where the facts upon which such questions arise have existed throughout the controversy.

4. INJUNCTION—*injunction cannot be disregarded even though the writ itself is void.* The fact that a writ of injunction is void for want of a date, signature and seal does not render the injunction void nor justify the defendants in disregarding it after they have notice of it.

5. CONTEMPT—*when proceeding to punish for contempt is civil.* A bill to enjoin the keeping of a house of ill-fame as being a nuisance is a civil suit, and an information in such suit charging contempt in violating the injunction is also civil, and the defendants are not entitled to purge themselves by their sworn answers as in the case of criminal contempt, but the answers may be contradicted and disproved.

6. SAME—*violation of an injunction may be shown by a preponderance of evidence.* In a proceeding to punish for contempt in violating an injunction civil rights, only, are involved, and the violation of the injunction may be established by a preponderance of the evidence, as proof beyond a reasonable doubt is not required in civil cases.

WRIT OF ERROR to the Second Branch Appellate Court for the First District;—heard in that court on writ of error to the City Court of Chicago Heights; the Hon. CHARLES H. BOWLES, Judge, presiding.

Roy C. MERRICK, for plaintiffs in error.

P. J. LUCEY, Attorney General, MACLAY HOYNE, State's Attorney, and GEORGE P. RAMSEY, (E. E. WILSON, of counsel,) for defendants in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

On September 23, 1914, a bill was filed in the city court of Chicago Heights in the name of the People of the State of Illinois, on the relation of Lee H. Hook, the mayor, and Peter Casazza, an alderman of the city, praying for an injunction restraining the plaintiffs in error from conducting a house of ill-fame in certain premises within the city which they occupied. The bill alleged facts showing that plaintiffs in error were so conducting a house of ill-fame in the premises as to constitute a public nuisance. It was verified by the affidavit of Lee H. Hook, and was accompanied by other affidavits in support of its averments. Upon reading the bill and affidavits the court entered an order that an injunction issue as prayed, without notice and without bond. A summons was issued, which was served on the plaintiffs in error on September 26. No writ of injunction was issued. The record contains a form of writ complete in all other respects but bearing no date, signature or seal, and on it is indorsed a return of service on the plaintiffs in error on September 26, 1914. On October 10, 1914, Lee H. Hook and Peter Casazza filed an information in the cause charging that the plaintiffs in error had continued to keep, and were then keeping, a house of ill-fame in the premises, and praying that an attachment might issue against them and that they might be required to answer for their contempt of the injunction. The information was accompanied by affidavits sustaining its averments, and contained specific interrogatories which it asked that the plaintiffs in error should be required to answer. A rule to show cause was entered against the plaintiffs in error, which after two con-

tinuances was brought to a hearing on October 31. At that time the plaintiffs in error were ruled to file a verified answer to the information, and having failed to do so were adjudged in default and in willful contempt of the court. Oral evidence was heard, the plaintiffs in error testifying in their own behalf in denial of the contempt charged and evidence to the contrary being given in behalf of the complainants, and the court entered an order declaring plaintiffs in error in contempt of the order and injunction of the court and sentencing them each to imprisonment in the Cook county jail for six months, to pay a fine of $100 and costs, and to be confined until the fine and costs were paid unless otherwise discharged in due process of law. The defendants sued out a writ of error from the Appellate Court, which affirmed the judgment, and a writ of *certiorari* was awarded to bring the record here for review.

In the Appellate Court the errors relied upon for reversal were, that a court of equity had no jurisdiction to grant the injunction; that the affidavits filed were not sufficient to authorize the rule on the plaintiffs in error to show cause why they should not be attached for contempt; that the answers of the plaintiffs in error purged them of the contempt charged and could not be contradicted; that the evidence did not show the plaintiffs in error to be guilty of the contempt charged, and in this connection it was insisted that their guilt must be established beyond a reasonable doubt.

Counsel who now represents the plaintiffs in error did not represent them either in the city court or the Appellate Court, and the case is presented here in a different aspect from that in which it was presented to the Appellate Court. Leave was granted to file here the brief of the plaintiffs in error in the Appellate Court for the purpose of showing that many of the errors now insisted upon were not presented to that court. Counsel does not now rely upon the want of jurisdiction in equity or the insufficiency of the af-

fidavits for the rule to show cause. He does insist that the plaintiffs in error should have been discharged upon their answers, that no evidence should have been received to contradict their answers, that the evidence did not show them to be guilty, and that they should have been proved guilty beyond a reasonable doubt. In addition to these supposed errors upon which the cause was heard in the Appellate Court, counsel further argues errors which were not there presented, as follows: That there was no sufficient order for the injunction; that the writ was void for want of a seal, signature or date; that the court improperly ordered the plaintiffs in error to answer the information under oath since it charged a crime, and the plaintiffs in error were therefore denied the benefit of their constitutional privilege against self-incrimination, and also because the plaintiffs in error were present, ready to answer in person, and, in fact, did testify fully; that the injunction was void because it ran against five defendants who conducted four different premises; that the order of commitment fails to limit the time for which the plaintiffs in error were to be held in custody for non-payment of the fine or to designate the person to whom the fine shall be paid, and requires each of the plaintiffs in error to be confined until both fines are paid; that the *mittimus* is void; that the conduct of the trial judge was prejudicial to the plaintiffs in error and that the court admitted incompetent evidence.

The Appellate Court reviews the judgment of the trial court upon the record, alone, and the Supreme Court reviews the judgment of the Appellate Court in the same way. The question in each case is whether the court whose judgment is under review committed error to the prejudice of the plaintiff in error or appellant. Parties may acquiesce in an erroneous decision of the court or may themselves have procured it, and in either case they cannot complain of it. If it had been suggested to the city court or to the Appellate Court that the writ of injunction in this case was void

neither court would have hesitated to declare it so and to make such order as was proper in such case, though the fact that the writ was void did not make the injunction void or justify the plaintiffs in error in disregarding it after they had notice of it. No such suggestion, however, was made, but each of the plaintiffs in error testified that he had no interest in the place after the injunction was served on him on September 24, and in the Appellate Court brief it is stated, in substance, that a temporary injunction was served on each of the plaintiffs in error. It is therefore apparent that neither in the city court nor the Appellate Court was any question made either in regard to the plaintiffs in error having notice of the injunction or in regard to the validity of the writ or its service. Such question cannot now be raised here for the purpose of reversing the judgment of the Appellate Court, nor can we consider the other questions now raised for the first time.

The only points argued here which were presented in the Appellate Court are, that this proceeding is for a criminal contempt, that the plaintiffs in error were entitled to be discharged on their answers which could not be contradicted, and that the evidence did not establish the charge against them. The bill for an injunction is a civil suit. It does not seek to enforce any criminal liability or impose any punishment. Its sole object is to restrain the maintenance of a nuisance. The remedy is purely civil, and the proceeding to punish for contempt in violating the injunction is also civil. The distinction between the course of practice in cases of contempt of a criminal nature and those which are in the nature of a civil remedy is noted in the cases of *O'Brien* v. *People,* 216 Ill. 354, *Hake* v. *People,* 230 id. 174, and *Rothschild & Co.* v. *Steger Piano Co.* 256 id. 196. It is held in those cases that a proceeding for contempt in violating an injunction is for the purpose of advancing the remedy of the complainant and is remedial and civil in its nature. In such a case the defendant is not

entitled to purge himself of the contempt by a sworn answer and be discharged, but his answer may be contradicted and disproved.   There is no rule of law which requires proof beyond a reasonable doubt in a civil case.   Civil rights, only, being involved, the violation of the injunction may be established by a preponderance of the evidence.

The affidavits on which the rule to show cause was entered clearly showed a violation of the injunction after the plaintiffs in error had notice of the injunction.   The cross-examination on the hearing tended to weaken the effect of the affidavits.   Other testimony was heard, and in our judgment the evidence was sufficient to establish the violation of the injunction.

The judgment is affirmed.        *Judgment affirmed.*