(No. 15741.—Reversed and remanded.)

The People *ex rel.* Roy C. Martin, State's Attorney, Defendant in Error, *vs.* Lena Panchire, Plaintiff in Error.

*Opinion filed April 14, 1924.*

1. Prohibition—*when petition to attach for contempt in violating injunction is sufficient.* A petition for a writ of attachment for contempt committed in violating an injunction is sufficient under section 25 of the Prohibition act, where it recites that the defendant violated the injunction by unlawfully having in her possession intoxicating liquors, as shown by affidavits attached to the petition.

2. Same—*contempt in violating an injunction is not punishable as a misdemeanor.* A defendant guilty of violating an injunction against the unlawful possession of intoxicating liquor cannot be punished except as provided in section 25 of the Prohibition act, and the court issuing the injunction has no authority to sentence the defendant to work out the fine, as in case of a misdemeanor.

3. Contempt—*the courts have inherent power to punish for contempt.* The power to punish for contempt does not depend on constitutional or legislative grant but is inherent in all courts as necessary for self-protection and as an essential auxiliary to the administration of the law.

4. Same—*contempts are not criminal in a constitutional sense.* While contempts are generally classified as civil and criminal, they are in reality *sui generis* or *quasi* crimes or offenses, and they are not crimes within the meaning of the statute defining misdemeanors or the constitution guaranteeing the right of trial by jury.

5. Same—*contempt is not punishable as a misdemeanor.* The offense of contempt of court is not a misdemeanor and is not punishable as such under paragraph 391 of the Criminal Code.

Writ of Error to the County Court of Franklin county; the Hon. S. M. Ward, Judge, presiding.

John A. Logan, for plaintiff in error.

Edward J. Brundage, Attorney General, Roy C. Martin, State's Attorney, George C. Dixon, and Nealy I. Glenn, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

The State's attorney of Franklin county filed in the county court a petition for a writ of attachment against the plaintiff in error, alleging that at the July, 1923, term of that court a decree was rendered against the plaintiff in error enjoining her from unlawfully possessing intoxicating liquor or violating any of the provisions of the Illinois Prohibition act. It was further alleged in the petition that she, in violation of the laws of the State and in disregard of the decree, had theretofore unlawfully possessed intoxicating liquor in the city of Benton, Illinois. The allegations of fact were supported by affidavits. The prayer of the petition was that a writ of attachment issue against plaintiff in error for a violation of the order of court, and that she be required to show cause why she should not be held in contempt of court. The attachment writ was issued accordingly, and plaintiff in error filed an answer denying the allegations of the petition for the writ or that she had violated the order of the court. Upon a hearing evidence was introduced by both parties, and the court found that plaintiff in error was in contempt and fined her $1000 and sentenced her to the county jail of Franklin county for a period of one hundred days, and further provided in the judgment, in accordance with paragraph 391 of the Criminal Code, that after the one hundred days expired, if plaintiff in error had not paid the fine assessed, she should thereafter be required to work on the streets and alleys of the city of Benton at the rate of $1.50 per day until said fine and costs were paid and be lodged in the county jail during that time. Plaintiff in error brings the common law record here for review.

While counsel has attached forty assignments of error to the record, many of which raise the constitutionality of the Illinois Prohibition act and the violation of the plaintiff in error's rights by reason of the judgment entered, the

only assignments argued are as to the sufficiency of the petition and that the judgment entered is not reasonable.

Plaintiff in error's counsel in argument says that although errors are assigned attacking the constitutionality of the Prohibition act, upon more thorough consideration he is of the opinion that the case does not come under the act. It is however, claimed that a constitutional question is involved by reason of the unreasonable nature of the punishment inflicted.

First, concerning the insufficiency of the petition, the record shows that the petition for writ of attachment recites that the plaintiff in error had violated the injunction by unlawfully having in her possession intoxicating liquors, as shown by the affidavits attached to the petition. There were two of these affidavits by different parties tending to show that the plaintiff in error had in her possession and was selling intoxicating liquors, in violation of the injunction, in the premises mentioned in the injunction. Section 25 of the Prohibition act provides: "In the case of the violation of any injunction, temporary or permanent, granted pursuant to the provisions of this act, the court, or in vacation a judge thereof, may summarily try and punish the defendant. The proceedings for punishment for contempt shall be commenced by filing with the clerk of the court from which such injunction issued information under oath setting out the alleged facts constituting the violation, whereupon the court or judge shall forthwith cause a warrant to issue under which the defendant shall be arrested. The trial may be had upon affidavits, or either party may demand the production and oral examination of the witnesses. Any person found guilty of contempt under the provisions of this section shall be punished by a fine of not less than $500 nor more than $1000, or by imprisonment of not less than ninety days nor more than ten months, or by both fine and imprisonment." The petition in this case was sufficient.

Concerning the judgment, it is contended that since it sentences the plaintiff in error to labor on the streets and alleys it contravenes the eleventh section of the bill of rights, providing that all penalties shall be proportioned to the nature of the offense, and the eighth amendment to the Federal constitution, prohibiting the infliction of cruel and unusual punishment; that to condemn a woman to imprisonment and labor on the public streets and alleys of a city for contempt committed out of the presence of the court is punishment not proportioned to the nature of the offense and is cruel and unusual. It is also contended that the statute providing punishment in contempt cases under the Prohibition act does not authorize a sentence to labor on the streets, and therefore the judgment for that reason was void. Defendant in error urges in reply, first, that the punishment is not unreasonable or cruel; and second, that contempt is a misdemeanor, and that under paragraph 391 of the Criminal Code, "any person convicted of petit larceny, or any misdemeanor punishable under the laws of this State, in whole, or in part, by fine may be required by the order of the courts of record, in which the conviction is had, to work out such fine and all costs, in the workhouse of the city, town or county, or in the streets and alleys." (Smith's Stat. 1923, p. 700.)

Considering the objections in the inverse order, we come first to the question whether or not contempt is a misdemeanor. An investigation of this subject shows the courts of this country not to be in accord on that matter. The power to punish for contempt does not depend on constitutional or legislative grant but is inherent in all courts as necessary for self-protection and as an essential auxiliary to the administration of the law. (*People* v. *Peters,* 305 Ill. 223; *Schmidt* v. *Cooper,* 274 id. 243; *People* v. *Wilson,* 64 id. 195; *Stuart* v. *People,* 3 Scam. 395.) Contempts are generally classified as civil and criminal. This classification appears to be based more on the form of the proceeding

311—40

than the character of the power itself. In cases of civil contempt the punishment, in addition to vindicating the authority of the court, is to advance the relief granted to a party in the litigation. In those cases where the line between criminal and civil contempts has become indistinct, some courts have treated as a civil contempt that which others have punished as a criminal contempt, and *vice versa.* In most cases where they rest on the boundary line they are both civil and criminal, and, so far as the rights of the contemners are concerned, may be punished as either. *People* v. *Elbert,* 287 Ill. 458.

The question whether or not a contempt is a misdemeanor has never been directly passed upon in this State. The Federal courts and some State courts have, however, passed upon the question and have not been entirely in accord. In *Bessette* v. *Conkey Co.* 194 U. S. 324, the court said of contempt proceedings: "A contempt proceeding is *sui generis.* It is criminal in its nature, in that the party is charged with doing something forbidden and if found guilty is punished. Yet it may be resorted to in a civil as well as criminal action and also independently of any civil or criminal action." In *In re Debs,* 158 U. S. 564, it was said: "In brief, a court enforcing obedience to its orders by proceedings for contempt is not executing the criminal laws of the land but only securing to suitors the rights which it has adjudged them entitled to; * * * that the penalty for a violation of injunction is no substitute for and no defense to a prosecution for any criminal offense committed in a course of such violation." At common law the right of review in contempt proceedings did not exist and the order of a court of competent jurisdiction inflicting punishment for contempt was not appealable. *In re Crosby's case,* 3 Wils. 188; *Ex parte Yates,* 4 Johns. 369; *In re case of Shaftsbury,* 1 Mod. 144; *Regina* v. *Paty,* 2 Ld. Raym. 1105.

Prior to the act of March 3, 1891, establishing the Circuit Courts of Appeals, the Supreme Court of the United States held that it had no jurisdiction to review judgments in contempt because of the criminal nature of the proceeding. In *O'Neal* v. *United States,* 190 U. S. 36, it was said: "While proceedings in contempt may be said to be *sui generis,* the present judgment is, in effect, a judgment in a criminal case, over which this court has no jurisdiction on error." Section 6 of the act of March 3, 1891, creating the Circuit Courts of Appeals, gave to those courts appellate jurisdiction to review cases criminal in their nature. It was thereafter held by the Federal courts that jurisdiction to review contempt proceedings thereby exists. In *Bessette* v. *Conkey Co. supra,* it was said respecting proceedings in contempt: "It is true they are peculiar in some respects, rightfully styled *sui generis.* They are triable only by the court against whose authority the contempts are charged. No jury passes upon the facts; no other court inquires in the charge. * * * If it has ever been understood that proceedings, according to the common law, for contempt of court have been subject to the right of trial by jury, we have been unable to find any instance of it. It has always been one of the attributes,—one of the powers necessarily incident to a court of justice,—that it should have this power of vindicating its dignity, of enforcing its orders, of protecting itself from insult, without the necessity of calling upon a jury to assist it in the exercise of this power." In *Gompers* v. *United States,* 233 U. S. 604, it was held that a contempt proceeding was criminal in its nature and that a statute of limitations would run against the offense as against a crime. In *McCourtney* v. *United States,* 291 Fed. 497, it is said concerning contempts: "That they are not crimes or offenses within the meaning of the sixth amendment to the constitution is conclusively apparent from the fact that prior to the enactment of the Clayton act (38 Stat. 730) no parties charged with criminal con-

tempt were entitled to a trial by jury." It was also held in *Middlebrook* v. *State,* 43 Conn. 257, and *Jones* v. *Mould,* 151 Iowa, 599, that while contempts partook of the nature of criminal proceedings and their judgments were punitive in character, they were to be designated as *quasi* crimes or offenses of a criminal nature rather than crimes or offenses within the criminal statute. *Gordon* v. *Commonwealth,* 141 Ky. 461, while classifying contempts as criminal offenses, bases its decision upon specific provisions of the statute of the State so designating them. In *McDougal* v. *Sheridan,* 25 Ida. 191, it was held that a contempt proceeding is not a criminal action but a proceeding to punish summarily for contempt; that while in the punishment of crimes on information and indictment the defendant is entitled to a jury, he is not so entitled in contempt proceedings.

A contempt proceeding is *sui generis* and may be considered as of the nature of a misdemeanor, but differs from it in that it is not indictable but punishable summarily. No court has ever held that a party is entitled to a trial by jury in a proceeding for contempt in the absence of a statute so providing. It cannot be gainsaid that if contempts are to be considered misdemeanors, the law which provides punishment therefor without the intervention of the jury would be unconstitutional as depriving the accused of the right of trial by jury. If they be considered strictly criminal offenses, courts would be compelled to try them by jury. Section 5 of the bill of rights of the constitution of this State preserves the right of trial by jury, and section 9 provides: "In all criminal prosecutions the accused shall have the right to appear and defend in person and by counsel; to demand the nature and cause of the accusation and to have a copy thereof; to meet the witnesses face to face, and to have process to compel the attendance of witnesses in his behalf, and a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed." It has always been held in this State that the right

of trial by a jury is not violated in a contempt proceeding. (*People* v. *Rushworth,* 294 Ill. 455; *People* v. *Seymour,* 272 id. 295; *O'Brien* v. *People,* 216 id. 354; *Barclay* v. *Barclay,* 184 id. 471; *People* v. *Kipley,* 171 id. 44.)   As this court said in *People* v. *Peters, supra:* "All authorities agree that the power of courts to adjudge punishment for contempt does not depend on constitutional or legislative grant but is inherent in all courts as necessary for self-protection and an essential auxiliary to the administration of the law." It cannot be said that the offense of contempt of court is a misdemeanor as the latter is defined by the laws of this State.   It was said in *Middlebrook* v. *State, supra,* concerning the punishment for contempt: "The fine and imprisonment which the court is authorized to inflict for a contempt are not intended as a punishment for a crime committed in violation of the criminal law, and punishment for the contempt is no bar to a prosecution for a breach of the peace."

While contempts are generally spoken of as offenses, yet by the greater weight of authority and better reasoning they are in reality *sui generis,*—they are *quasi* crimes or offenses.   The proceeding is in the nature of a criminal proceeding, but they are not crimes within the meaning of the statute defining misdemeanors, or the constitution requiring that the accused shall have the right of trial by jury.   The rules regarding the trial of crimes by information or indictment are not applicable to proceedings for contempt.   It may also be noted in drawing the distinction between contempts and crimes as they are known in the criminal law, that nowhere in the law are courts of chancery given criminal jurisdiction though they are empowered to punish for contempt.   We are of the opinion, therefore, that a contempt cannot be said to be a "misdemeanor punishable under the laws of this State, in whole, or in part, by fine," and that paragraph 391 of the Criminal Code (Smith's Stat. 1923, p. 700,) does not apply to offenses of this character. Section 25 of the Illinois Prohibition act prescribes the pun-

ishment, which, as we have seen, is by a fine of not less than $500 nor more than $1000, or by imprisonment of not less than ninety days nor more than ten months, or by both fine and imprisonment. This is the measure in full of the punishment to be meted out.

The county court was without authority to sentence the plaintiff in error to hard labor under the proceedings in this case, and it was error to enter such a judgment against her. As the law concerning punishment of misdemeanors is not applicable here it does not become necessary to determine whether the judgment rendered thereunder is cruel or unusual. The constitutional questions, as we have seen, have been waived.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*