THE STATE OF ILLINOIS, Defendant in Error, vs. EDWARD
FROELICH, Plaintiff in Error.

*Opinion filed February 17, 1925.*

1. PROHIBITION—*injunction under section 22 of Prohibition act
is a civil proceeding—contempt.* The bill for injunction under section 22 of the Prohibition act is a civil remedy for restraining a
nuisance and its purpose is not to enforce a criminal liability; and
the proceeding for contempt in violating the injunction is likewise
a civil chancery proceeding for the purpose of advancing the remedy of the complainant in the injunction.

2. SAME—*temporary injunction is not essential to relief under
section 22 of Prohibition act.* Relief may be granted on the final
hearing by allowing a permanent injunction under section 22 of
the Prohibition act without the issuance of a preliminary writ, and
the failure to give a defendant written notice of the granting of a
temporary injunction is no defense to a contempt charge of violating the permanent injunction.

3. CONTEMPT—*constitutional provision as to form of prosecutions does not apply to civil contempt proceeding.* The constitutional provision that all prosecutions shall be carried on in the
name of the People and conclude "against the peace and dignity
of the same" is mandatory in all prosecutions to which it is applicable, but the provision does not apply to a civil proceeding to
punish for contempt in violating an injunction under section 22 of
the Prohibition act.

4. SAME—*right to a jury trial does not apply to contempt proceeding—prohibition.* The power to punish for contempt is inherent in all courts as necessary for self-protection and the administration of law; and the constitutional guaranty of the right of
trial by jury does not apply to proceedings to punish for contempt
for violating an injunction issued under the Prohibition act, but
the court may hear the matter without a jury, and proof beyond a
reasonable doubt is not required.

5. SAME—*sworn answer does not entitle defendant to discharge
under section 25 of Prohibition act.* The practice authorized by
section 25 of the Prohibition act for the proceeding for contempt
in violating an injunction under the act conforms to the practice
in chancery to punish for a civil contempt, and where testimony
is heard by the court the defendant cannot purge himself of the
contempt and be discharged merely upon his sworn answer.

HEARD, J., specially concurring.

WRIT OF ERROR to the Circuit Court of Lake county; the Hon. CLAIRE C. EDWARDS, Judge, presiding.

. E. V. ORVIS, (JOHN T. MURRAY, of counsel,) for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ASHBEL V. SMITH, State's Attorney, ALBERT D. RODENBERG, VIRGIL L. BLANDING, and GEORGE C. DIXON, (SIDNEY H. BLOCK, of counsel,) for defendant in error.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

A bill for an injunction under the Prohibition act (Laws of 1921, p. 681,) was filed in the circuit court of Lake county on September 20, 1921, in the name of the State of Illinois, by Ashbel V. Smith, State's attorney of that county, against Edward Froelich, Minnie Rosenberg and Andreas Rosenberg. The bill alleges that a certain parcel of real estate situated in Lake county, particularly described, is improved by a two-story frame building known as Willis Inn; that the premises are used and maintained by Froelich as a place where intoxicating liquor, as defined by section 2 of the Prohibition act, is manufactured, sold, kept or bartered in violation of the provisions of the act; that the premises, and all intoxicating liquors kept and maintained therein, are a public nuisance, as defined by section 21 of the act; that Froelich is the owner and proprietor of the business conducted on the premises; that Minnie and Andreas Rosenberg are the owners of the premises and have knowledge that the building is occupied and used for the sale of intoxicating liquor contrary to the provisions of the act and allow such occupation and use, and that unless restrained Froelich will continue to keep, maintain and use the premises as a place where intoxicating liquor is manufactured, sold, kept and bartered in violation

of, and as a common public nuisance as defined in, section 21 of the act. The prayer was for process directed to the sheriff commanding him summarily to abate the nuisance, for a temporary injunction *pendente lite,* and for a permanent injunction upon the final hearing. The bill was verified by the State's attorney. Summons was issued and personally served upon Froelich on September 23, 1921. The joint affidavit of Robert E. Jeske and Fred Muenchen, stating that they had on different days purchased beer at Willis Inn which in their opinion was intoxicating and contained more than one-half of one per cent of alcohol by volume, was filed on October 10, 1921. On the same day a temporary injunction was issued but the writ was not served on Froelich. Although served with summons Froelich did not appear but defaulted, and by order the bill was taken as confessed against him. The proof in support of the bill was not confined to affidavits but testimony also was heard. On June 8, 1922, a decree for a permanent injunction was entered, in which, after finding, among other things, that the premises, situated in Lake county, Illinois, were used and maintained by Froelich as a place where intoxicating liquor was manufactured, sold, kept or bartered in violation of the Prohibition act, and that the premises, and all the intoxicating liquor and property kept, used and maintained therein, were a public and common nuisance as defined and declared by the act, the court enjoined Froelich and his agents and servants from manufacturing, selling, bartering or storing upon the premises any liquor containing one-half of one per cent or more of alcohol by volume, and ordered that the premises should not be occupied or used for one year unless permitted by subsequent modification of the decree, and that the sheriff close and lock the premises forthwith. On August 11, 1924, a petition in the name of the People of the State of Illinois, by Ashbel V. Smith, State's attorney, was filed, which charged that since the issuance of the permanent injunction Froelich had sold

intoxicating liquors on the premises to different persons. The prayer of the petition was for a citation against Froelich and certain of his agents and employees, commanding them to show cause why they should not be held in contempt of the court for violating the injunction. Such a rule was entered. Froelich filed his answer thereto, in which he admitted the filing of the bill and the issuance of the permanent injunction but denied the other allegations of the petition and prayed that the citation be quashed. On the hearing testimony was offered in support of the petition. The court found that Froelich had violated the permanent injunction and adjudged him guilty of contempt and fixed his punishment at imprisonment in the county jail of Lake county for ninety days. He seeks a review by this writ of error.

The contentions of plaintiff in error, in substance, are: (1) That the proceedings under the Prohibition act in which he was adjudged guilty of contempt of court constitute a criminal prosecution; (2) that as a criminal prosecution the proceedings are governed by section 33 of article 6 of the constitution, and from their inception should have been carried on in the name and by the authority of the People of the State of Illinois and concluded against their peace and dignity; (3) that section 25 of the Prohibition act, which provides that the court may summarily try and punish the defendant for the violation of any injunction granted pursuant to the provisions of the act, violates the fifth and ninth sections of the second article of the State constitution and the fifth and sixth amendments to the Federal constitution, which guarantee the right of trial by jury; (4) that he did not have five days' written notice of the granting of the temporary injunction, as provided by section 22 of the Prohibition act, and for that reason could not be adjudged guilty of contempt; (5) that his sworn answer denied all the material allegations of the petition which charged violations of the permanent injunction, and upon

that answer he was entitled to his discharge; (6) that the
violations charged should have been shown by proof be-
yond a reasonable doubt; (7) that the venue was not es-
tablished; and (8) that the order adjudging him in con-
tempt of court is void because it fails to fix the beginning
and termination of his imprisonment.

The proceedings in the circuit court were conducted by
authority of the Prohibition act, (Laws of 1921, p. 681,)
and to determine their character a consideration of the ap-
plicable provisions of that act is necessary.   Section 21,
among other things, declares that any room, house, build-
ing, boat, vehicle, structure or place where intoxicating liq-
uor is manufactured, sold, kept or bartered in violation of
the act, or where property designed for the illegal manu-
facture of liquor is kept, and all intoxicating liquor or other
property so kept and used, are a common nuisance, and that
a single unlawful sale, barter or act of manufacturing liq-
uor shall constitute such a nuisance.   The 22d section pro-
vides that an action to enjoin a nuisance defined in the act
may be brought in the name of the State of Illinois by the
Attorney General or any State's attorney or other desig-
nated public officer, or by any citizen of the county where
such a nuisance exists; that such action shall be brought
and tried in equity by the court without a jury; that a
temporary injunction prohibiting the continuance of the
nuisance and an order restraining the removal of or in-
terference with the liquor, fixtures or other things used in
violating the act may be issued pending the suit, and that
upon the trial of the cause, if the material allegations of
the petition are found to be true, the court shall enjoin the
manufacture, sale, barter or storage of liquor in such room,
house, building, boat, vehicle, structure or place, or any
part thereof, and may, upon ordering the abatement of such
nuisance, direct that any such place shall not be occupied
or used for one year, or, in its discretion, may permit it to
be occupied or used if the owner, lessee, tenant or occupant

316—6

shall give bond, with sufficient surety, conditioned that intoxicating liquor will not thereafter be manufactured, sold, bartered, kept or otherwise disposed of therein, and that he will pay all fines, costs and damages that may be assessed for any violation of the act upon the property. The 25th section provides that in case of the violation of any injunction, temporary or permanent, granted pursuant to the act, the court, or in vacation a judge thereof, may summarily try and punish the defendant.

The sole object of the bill of complaint was to restrain the maintenance of a nuisance. It did not seek to enforce any criminal liability or to impose any punishment. Section 22 of the Prohibition act (Laws of 1921, p. 690,) expressly provides that the suit "shall be brought and tried as an action in equity by the court, without a jury." By the form and substance of the bill and the relief sought, as well as the express provision of the act under which the suit was brought, the remedy is civil. Likewise the proceeding to punish for contempt of court in violating its injunction is for the purpose of advancing the remedy of the complainant. It is from its inception to its conclusion essentially a civil chancery proceeding, conforming itself, in its pleadings, character and quantity of proof required, to the rules and practice applicable to other chancery proceedings. (*People* v. *Buconich,* 277 Ill. 290; *Rothschild & Co.* v. *Steger Piano Co.* 256 id. 196; *Hake* v. *People,* 230 id. 174; *O'Brien* v. *People,* 216 id. 354.) Hence plaintiff in error was adjudged in contempt of court in a civil proceeding and not by a criminal prosecution.

Section 33 of article 6 of the constitution provides that all prosecutions shall be carried on "in the name and by the authority of the People of the State of Illinois," and conclude, "against the peace and dignity of the same." The word "prosecutions," in its broadest sense, would embrace all proceedings in the courts of justice for the enforcement or protection of a right or the punishment of a wrong.

Obviously the word as used in the constitutional provision invoked has no such comprehensive meaning, but signifies only prosecutions of a public or criminal character and concerns the formal accusation of offenders by presentment or indictment by a grand jury or by information. (*People* v. *Gartenstein*, 248 Ill. 546; *Moutray* v. *People*, 162 id. 194; *Donnelly* v. *People*, 11 id. 552.) The provision is mandatory in all prosecutions to which it is applicable, and the omission of the constitutional requirement in such cases may be urged on motion in arrest of judgment or on writ of error. (*People* v. *Gartenstein, supra; Hay* v. *People,* 59 Ill. 94.) But the constitutional provision has no application to a civil proceeding to punish for contempt in violating an injunction. (*Hake* v. *People, supra; O'Brien* v. *People, supra.*) Whether such a proceeding should be entitled and prosecuted as an independent proceeding in the name of the People or carried on as a part of the civil suit to which it is incident is of comparatively little importance and the practice is not uniform. The mere entitling of the proceeding cannot change its nature or character. (*Manning* v. *Securities Co.* 242 Ill. 584; *Hake* v. *People, supra; Lester* v. *People,* 150 Ill. 408.) The bill of complaint in the instant case was filed in the name of the State of Illinois, as required by section 22 of the Prohibition act. (Laws of 1921, p. 690.) The contempt proceedings were instituted by a verified petition in the name of the People, and that petition was sufficient for the purpose. (Laws of 1921, sec. 25, p. 692.)

The power of courts to punish for contempt does not depend on constitutional or legislative grant but is inherent in all courts as necessary for self-protection and as an essential auxiliary to the administration of the law. (*People* v. *Panchire,* 311 Ill. 622; *People* v. *Peters,* 305 id. 223; *Schmidt* v. *Cooper,* 274 id. 243; *People* v. *Wilson,* 64 id. 195; *Stuart* v. *People,* 3 Scam. 395.) It is one of the attributes of a court of justice that it should have the power

of enforcing its orders without the necessity of calling upon a jury to assist it in the exercise of that power. The fine and imprisonment which the court is authorized to impose for a contempt are not intended as a punishment for a violation of the criminal law, and punishment for contempt is not a bar to a prosecution for the same act if it also constitutes a criminal offense. The constitutional guaranties of the right of trial by jury do not apply to proceedings to punish for contempt, and those guaranties are not violated by the imposition of punishment by the court, without a jury, in a contempt proceeding. *People* v. *Rushworth,* 294 Ill. 455; *People* v. *Seymour,* 272 id. 295; *O'Brien* v. *People, supra; Barclay* v. *Barclay,* 184 Ill. 471; *People* v. *Kipley,* 171 id. 44.

No written notice of the granting of the temporary injunction was given to the plaintiff in error. Such notice is necessary if such an injunction is to remain in force pending the final hearing of the cause. (Prohibition act, sec. 22.) But the plaintiff in error was not punished for a violation of the temporary injunction and it was not the basis of the petition to have him adjudged guilty of contempt. Section 22 of the Prohibition act requires the suit to be brought and tried as an action in equity without a jury, and nothing in that act or in equity practice compels the complainant, in a case of this character, to make application for or requires the court to grant a temporary injunction. Relief may be granted on the final hearing by a permanent injunction without the issuance of a preliminary writ. (*Peters* v. *Harris,* 245 Ill. 419; *Holden* v. *City of Alton,* 179 id. 318; *Brown* v. *Luehrs,* 79 id. 575; *New Haven Clock Co.* v. *Kochersperger,* 175 id. 383.) The plaintiff in error was personally served with the original summons more than ten days prior to its return day. Hence the court had jurisdiction of his person as well as of the subject matter of the suit. He made no defense and by the court's order the bill was taken as confessed by him.

Subsequently, upon the hearing, the permanent injunction was granted, and the plaintiff in error was bound to obey it. The petition by which the contempt proceedings were inaugurated was based upon the permanent, and not the temporary, injunction, and the fact that plaintiff in error received no written notice of the granting of the temporary injunction is of no consequence.

The 25th section of the Prohibition act (Laws of 1921, p. 692,) provides that in proceedings to punish for contempt for the violation of any injunction granted pursuant to the provisions of the act, the "trial may be had upon affidavits, or either party may demand the production and oral examination of the witnesses." The practice authorized by the statute conforms to the practice in chancery to punish for civil contempt. (*People* v. *Buconich, supra; Hake* v. *People, supra; Loven* v. *People,* 158 Ill. 159.) The testimony of witnesses was properly heard by the circuit court, and the plaintiff in error could not, merely by his sworn answer, purge himself of the contempt and be discharged.

No rule of law requires proof beyond a reasonable doubt in a civil case. Civil rights, only, were involved in the proceeding to punish the plaintiff in error for contempt, and it was only necessary to establish the violation charged against him by a preponderance of the evidence. We have, however, reviewed the evidence in the record, and we are convinced beyond any reasonable doubt that the plaintiff in error violated the permanent injunction as charged in the petition.

The bill, confessed by plaintiff in error, particularly described the property known as Willis Inn, and stated that it was situated in the town of Grant, Lake county, Illinois. On the hearing in the contempt proceedings an abstracter testified to the same effect. Other witnesses at the same hearing testified that plaintiff in error sold intoxicating liquor to different persons on the same premises after the permanent injunction had been granted. The evidence is

clear that plaintiff in error violated the injunction within the jurisdiction of the circuit court of Lake county.

Section 25 of the Prohibition act authorizes the court summarily to punish for contempt. The circuit court, after making specific findings that plaintiff in error had violated the permanent injunction, adjudged him guilty of contempt and sentenced him to imprisonment in the county jail of Lake county for the period of ninety days. The term of imprisonment was definitely fixed. It would begin immediately unless some appropriate action to stay or review the court's order of commitment was invoked by the plaintiff in error. The order was sufficient and valid in every respect.

We find no reversible error in the record, and accordingly the order of the circuit court will be affirmed.

*Order affirmed.*

Mr. Justice Heard: I agree with the conclusion reached in this opinion but not in all that is said therein.