The People of the State of Illinois, Defendant in Error, v. A. L. Whitmer and L. R. Cotter, Plaintiffs in Error.

## Gen. No. 31,222.

1. CRIMINAL PROCEDURE—*when information does not comply with constitution.* An information which declares that "in his own proper person" the State's attorney "prosecutes in this behalf for and on behalf of the said People of the State of Illinois" does not comply with the constitutional provision (Illinois Const. art. VI, § 33) which requires all prosecutions to be carried on "in the name and by the authority of the People of the State of Illinois."

2. CORPORATIONS—*exclusive jurisdiction of Illinois Commerce Commission over sales of public utility stock.* The Illinois Commerce Commission has exclusive jurisdiction over sales of stock of public utilities.

3. CORPORATIONS—*when stock of utility company not Class "D."* Stock of a public utility company issued under the authority of the commerce commission is not within Class "D" under the Securities Law, Cahill's St. ch. 32, ¶¶ 256, 261, merely because a preliminary, conditional certificate issued by the commerce commission was declared invalid by the Supreme Court, where immediately after the decision the

commission issued an order reciting compliance with its previous order and authorizing the issuance of the stock, from which order no appeal was taken.

Error by defendants to the Municipal Court of Chicago; the Hon. ARNOLD HEAP, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1926. Reversed with finding of fact. Opinion filed February 7, 1927.

LEE D. MATHIAS, for plaintiffs in error; HARVEY E. WOOD, of counsel.

ROBERT E. CROWE, State's Attorney, for defendant in error; EDWARD H. TAYLOR, EDWARD E. WILSON, JAMES H. MAHONEY and MORTIMER C. GROVER, of counsel.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

This writ of error brings in review a prosecution under the Illinois Securities Act [Cahill's St. ch. 32, ¶ 254 *et seq.*], in which, upon trial by the court, defendants A. L. Whitmer and L. R. Cotter were found guilty and fined $5,000 each.

Defendants say that the information does not comply with the provisions of section 33, article VI of the Constitution of the State of Illinois, which commands that "all prosecutions shall be carried on: In the name and by the authority of the People of the State of Illinois"; the information here does not so run but is as follows:

"Again on this day comes into open court in his own proper person, Robert E. Crowe, State's Attorney in and for the County of Cook and State of Illinois, and prosecutes in this behalf for and on behalf of the said People of the State of Illinois." This objection is technical, but finds support in a number of decided cases.

"When a constitution or act of the legislature, prescribes a certain form to be used in legal proceedings, it would seem that the court has no power to dispense with that form. Therefore, as the indictment does not pursue the form given in the constitution, that all indictments shall be carred on 'in the name, and by the authority of the People of the State of Illinois,' it is bad." *Whitesides v. People,* Beecher's Breese (1 Ill.) 21.

"The motion to quash should have been sustained. The information does not run, 'in the name and by the authority of the People of the State of Illinois,' as required by the constitution.

"These words can not be dispensed with. They constitute matter of substance, and advantage can be taken of their omission, in arrest or on error.

"This proceeding is a prosecution, and the language of the constitution must be used, as in indictments." *Hay v. People,* 59 Ill. 94.

"Counsel for plaintiff in error is correct in his position that if a suit was a prosecution the court could not dispense with words which are essential in all prosecutions and advantage of their omission can be taken on motion in arrest or on error." *People v. Gartenstein,* 248 Ill. 546.

"The provision is mandatory in all prosecutions to which it is applicable, and the omission of the constitutional requirement in such cases may be urged on motion in arrest of judgment or on writ of error." *State v. Froelich,* 316 Ill. 77.

No cases to the contrary are presented. We therefore hold that the information is not in compliance with the constitution. The trial court should have sustained the motion in arrest of judgment and this error compels a reversal.

Defendants were charged with having sold Class "D" securities without having first filed in the office of the Secretary of State the documents required by

the Illinois Securities Act.   Defendants say that the evidence shows that the securities were not Class ''D'' but Class ''A'' securities, and that by section 4 of the Illinois Securities Act (Cahill's St. ch. 32, ¶ 257) Class ''A'' securities are exempt and not subject to the provisions of this act.   Section 4 describes Class ''A'' securities as those:

''(3)  Issued or guaranteed by any corporation operating any public utility in the United States or any state thereof or in the Dominion of Canada or any province thereof wherein there is or was at the time of issuance thereof in effect any law regulating such utilities and the issue of securities by such corporation,'' etc., and that ''securities in Class 'A' and the sales thereof shall not be subject to the provisions of this act.''

The defendants were charged with selling securities of the West Suburban Transportation Company, whose corporate purposes according to its charter are ''to own, control, operate, mortgage or lease, one or more busses propelled by gas, steam, electricity or other appropriate motive power or drawn by horses, or mules for the purpose of transporting passengers or goods, wares and merchandise on public highways and to do and perform any matter or thing necessary or incidental thereto.''

Section 10, Illinois Commerce Commission Act (Cahill's St. ch. 111a, ¶ 25) defines a public utility as follows:

''The term 'public utility' when used in this Act, means and includes every corporation   *   *   *   that now or hereafter:

''(a)  May own, control, operate, or manage, within the State, directly or indirectly, for public use, any plant, equipment or property used or to be used for or in connection with the transportation of persons or property or the transmission of telegraph or telephone messages between points within this State''; etc.

"(b) May own or control any franchise, license, permit or right to engage in any such business."

If such a corporation desires to issue securities, such issue is under the control of the Illinois Commerce Commission Act, section 20 [Cahill's St. ch. 111a, ¶ 35] of which is as follows:

"The power of public utilities to issue stocks, stock certificates, bonds, notes and other evidences of indebtedness and to create liens on their property is a special privilege, the right of supervision, regulation, restriction and control of which is and shall continue to be vested in the State, and such power shall be exercised by the Commission hereby created according to the provisions of this Act and under such rules and regulations as the Commission may prescribe." * * *

Section 21 [Cahill's St. ch. 111a, ¶ 36] is as follows:

"Subject to the provisions of this Act and of the order of the Commission issued as provided in this Act, a public utility may issue stocks and stock certificates," etc.

Pursuant to this act, the West Suburban Transportation Company applied to the Illinois Commerce Commission for a certificate of convenience and necessity to operate a motor bus line between Cicero, Illinois, and Hinsdale, Illinois, and intervening points. April 19, 1922, this commission issued a preliminary certificate providing that after the company complied with certain terms and conditions a certificate of convenience and necessity would be granted. An appeal from this order was taken by the Chicago and West Towns Railway Company to the superior court of Cook county, which court, October 23, 1922, reversed this order. From this superior court decision, an appeal was taken to the Supreme Court which affirmed the decision in an opinion filed June 20, 1923, reported in 309 Ill. 87.

June 21, 1922, the Illinois Commerce Commission entered an order finding that the West Suburban

Transportation Company had complied with the conditions contained in its order of April 19, 1922, and issued its certificate of convenience and necessity to said company and gave authority to operate motor vehicles between the points set forth in the order. The order further recited that, application having been made to the commission for the consent of the commission to the issue by the West Suburban Transportation Company of $100,000 of stock and the commission having found that the money to be procured by the issuance and sale of said capital stock is "reasonably necessary and required," it was therefore ordered "that the West Suburban Transportation Company be and it is hereby authorized to issue its capital common stock in the aggregate par amount of $100,000," and to sell the same under certain conditions as to price and accounts. The order also provided that all certificates of stock should be stamped on the face thereof as follows:

"Illinois Commerce Commission
Authorization No. 1324
June 19, 1922."

No appeal was taken from this order of June 21, 1922.

The defendants admitted that the West Suburban Transportation Company had not filed any statements with the secretary of State under the provisions of the Illinois Securities Act [Cahill's St. ch. 32, ¶ 254 *et seq.*].

The evidence shows that on June 11 and 18, 1923, Reverend Michael O'Sullivan purchased 500 shares of the capital stock of the transportation company from a salesman of a brokerage firm.

We fail to see upon what reasonable theory it can be said that these certificates of stock are Class "D" and not Class "A" securities. Clearly they come under the description of Class "A" securities as those issued by a public utility company under the authority and control of the Illinois Commerce Commission Act,

Class "D" are securities "other than those falling within Class 'A,' 'B,' and 'C,' respectively." Section 8, Illinois Securities Act [Cahill's St. ch. 32, ¶ 261].

The argument seems to be that, because the Supreme Court affirmed the order of the superior court declaring null and void the order of the commerce commission of April 19, 1922, the securities are thereby transferred from Class "A" to Class "D" which is described as a kind of "catch-all." This does not follow. The Commerce Commission Act controls the issuance and sale of Class "A" securities and severe penalties are imposed for the violation of its provisions in this respect. See sections 24, 25, 26, 61 to 64, 76 and 77, Illinois Commerce Commission Act [Cahill's St. ch. 111a, ¶¶ 39, 40, 41, 80-83, 95 and 96]. The commerce commission has exclusive jurisdiction over the sales of stock of public utilities.

We conclude that the securities involved herein were Class "A" public utility securities subject to the provisions of the Illinois Commerce Commission Act and not subject to the provisions of the Illinois Securities Act, and that the prosecution under the Securities Act cannot be maintained.

For the reasons above indicated, the judgment of the municipal court is reversed with a finding of fact.

*Reversed with finding of fact.*

MATCHETT and JOHNSTON, JJ., concur.

Finding of fact. We find as an ultimate fact that the securities which the defendants were charged with having sold are not Class "D" securities as charged, but are Class "A" securities and exempt from the provisions of the Illinois Securities Act and that the defendants are not guilty of selling Class "D" securities as charged in the information.