(No. 18679.—

THE PEOPLE *ex rel.* John S. Rusch, Defendant in Error, *vs.* OSCAR JILOVSKY, Plaintiff in Error.

*Opinion filed April 20, 1929.*

FARMER and DUNN, JJ., dissenting.

Louis Greenberg, and Charles J. Michall, for plaintiff in error.

Oscar E. Carlstrom, Attorney General, Charles Center Case, Special State's Attorney, and Roy D. Johnson, (Grover C. Niemeyer, of counsel,) for the People.

Mr. Chief Justice DeYoung delivered the opinion of the court:

John S. Rusch, the chief clerk of the board of election commissioners of the city of Chicago, filed his petition in the county court of Cook county, under section 13 of article 2 of the City Election act, for a rule against certain officers of election to show cause why they should not be adjudged guilty of contempt for misbehavior in office. The petitioner charged that the respondents acted as judges and clerks of election in the seventeenth precinct of the twenty-sixth ward of the city of Chicago at the supplementary election for alderman held in that ward on April 5, 1927; that among other things they fraudulently made and acquiesced in the making of changes and erasures in the tally-sheets and statement of votes cast and that they returned a false certificate of the result of the election in the particular precinct. The requested rule was entered and the respondents filed answers thereto. The hearing of evidence was followed by two motions—one by the People to make the rule absolute, and the other by the respondents for their discharge. The court found the allegations of the petition to be true, the rule to show cause was made absolute and the respondents were adjudged guilty of contempt of the county court. A fine was imposed upon each of the respondents except Oscar Jilovsky, one of the clerks of elec-

tion, who was ordered committed to the county jail for one year. He prosecutes this writ of error.

The first contention made by the plaintiff in error is that the instant proceeding is a criminal prosecution; that by section 33 of article 6 of the constitution "all prosecutions shall be carried on: *In the name and by the authority of the People of the State of Illinois,* and conclude: *Against the peace and dignity of the same;*" and that since this proceeding lacked these requirements it is void. The word "prosecutions," as used in the constitutional provision invoked, signifies only prosecutions of a public or criminal character and concerns the formal accusation of offenders by presentment or indictment by a grand jury or by information. (*State of Illinois* v. *Froelich,* 316 Ill. 77.) Contempts are not crimes within the meaning of the statute defining misdemeanors. (*People* v. *Panchire,* 311 Ill. 622.) Section 13 of article 2 of the City Election act (Cahill's Stat. 1927, p. 1143; Smith's Stat. 1927, p. 1224;) expressly provides that the punishment of a judge or clerk of election for contempt of court shall not be a bar to a proceeding against such officer, criminally, for any violation of the act. The particular constitutional provision has no application to a proceeding to punish for contempt. *People* v. *Panchire, supra; State of Illinois* v. *Froelich, supra.*

The remaining contentions made for a reversal of the judgment are that section 13 of article 2 of the City Election act is unconstitutional. Similar contentions were considered and denied in *People* v. *White,* (*ante,* p. 465.) The section in question was there upheld, and the opinion filed in the consolidated causes is decisive of this case.

The judgment of the county court is affirmed.

*Judgment affirmed.*

FARMER and DUNN, JJ., dissenting.