J. A. McBride

*v.*

The People *ex rel.* Goodman Manufacturing Company.

*Opinion filed February 21, 1907.*

1. Contempt—*guilt must be established by a preponderance of evidence.* Proof of guilt beyond a reasonable doubt is not essential in a proceeding for contempt in violating an injunction, but such guilt must be established by a preponderance of the evidence.

2. Same—*what is not a sufficient proof of guilt.* Affidavits in a contempt proceeding for violating a strike injunction, alleging that the defendant was a former employee of the company where the strike had taken place, that he was standing on the street when a new employee of the company passed, whom he pointed out to two men, who followed such employee and assaulted him, do not establish the defendant's guilt, where the charge is denied *in toto* by counter-affidavits so far as defendant was claimed to be connected with the transaction, and where it is not shown the assault was a part of any attempt to violate the injunction, or that the injunction was then in force.

Appeal from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. Theodore Brentano, Judge, presiding.

On May 31, 1904, the Goodman Manufacturing Company became involved in a strike with its employees. On August 9, 1904, the superior court of Cook county, on application of the company, issued an injunction restraining certain persons therein named, their confederates, servants and agents, from in any way interfering with the company, its property or employees until the further order of the court. On April 12, 1905, the company filed its petition in said court alleging that on March 22, 1905, while the injunction was in full force and effect, an assault was committed on Frank Mannahan, one of its employees, by John E. Piper and an unknown man; that said assault was caused by the action of John A. McBride, one of the strikers, formerly em-

ployed by the company; that on the day of the assault Mc-Bride was acting as a picket in violation of the injunction, and was watching for the employees of the company at the south-west corner of Forty-seventh street and Indiana avenue, in the city of Chicago; that he pointed out Mannahan to Piper and his unknown confederate; that the two men followed Mannahan and assaulted him on Indiana avenue, between Forty-seventh and Forty-eighth streets, about six o'clock in the evening; that McBride had full knowledge of the injunction and had been served with a copy thereof. The prayer of the petition was for a rule on McBride to show cause why he should not be punished for contempt. Attached to the petition were certain affidavits in support of its allegations. McBride appeared, filed his answer and presented affidavits in denial of the charge. The matter was heard by the court upon the petition, answer and affidavits, and the defendant was found guilty and sentenced to twenty days in the county jail. An appeal was prosecuted to the Appellate Court, where the judgment was affirmed, and a further appeal has been prosecuted to this court.

F. M. Lowes, and Thomas Marshall, for appellant.

Dudley Taylor, for appellee.

Mr. Justice Wilkin delivered the opinion of the court:

Many grounds of reversal are urged, but we deem it sufficient to consider only one of them.

In support of the allegations of the petition two affidavits were filed,—one by Frank Mannahan, the man assaulted, and the other by Arnold Schreiner, who was with him just prior to the assault. Mannahan's affidavit is to the effect that he was a floor-hand employed by the company at Forty-ninth and Halsted streets; that there was a strike at the works in 1904, and he took the place of one of the strikers and had been employed there about four months; that on

March 22, 1905, about six o'clock P. M., he was going home from work, and on the south side of Forty-seventh street passed a man on the corner who Schreiner afterwards told him was the defendant, J. A. McBride; that two men followed affiant, and when he reached the middle of the block they struck him in the face and knocked him down; that one of the men, John E. Piper, was subsequently arrested and the other man escaped. Schreiner's affidavit alleged that he was in charge of the electrical department of the company and knew McBride, who had formerly been employed by the company; that on March 22, 1905, he went east on Forty-seventh street with Mannahan, who was employed by the company and had taken the place of a striker; that he saw J. A. McBride standing on the south-west corner of Indiana avenue and Forty-seventh street; that he also saw two men whom he did not know; that as Mannahan passed the corner McBride pointed him out; that the two men followed and struck him, knocking him down; that one of them, John E. Piper, was subsequently arrested. Affiant stated that McBride was watching for Mannahan and the assault was part of a scheme.

The defendant filed his sworn answer, in which he alleged that on May 16, 1904, he was injured in the factory of the Goodman Manufacturing Company, and since that date had never worked for it and was not employed by it at the time of the strike; that in June, 1904, he went to Denver and stayed there until the last of July; that after his return he went to work for the Hammond Company, where he continued until March, 1905. He stated that he had read the petition and that the statements therein were untrue; that he knows nothing of the assault on Mannahan and was in no way responsible for the same; that on March 22, 1905, he did not know Mannahan and was not acting as a picket watching for the employees at the corner of Indiana avenue and Forty-seventh street; that he had no recollection of ever having received a copy of the injunction ordered, and if he

did receive it by mail he did not read it because it had no application to him; that he was not a party to the suit, and on March 22, 1905, did not know that an injunction order was in force; that he had read the affidavit of Schreiner and that the same was untrue; that he did not point out Mannahan to two men, as stated, but that, on the contrary, at six o'clock on the day in question he was at his home. In support of the answer the affidavit of John E. Piper alleged he had heard read the affidavits of Mannahan and Schreiner; that he did not know McBride; that McBride did not point out Mannahan to affiant and did not point out any one to him at any time; that he was never employed by the company and not interested in the strike; that the only time he ever saw Mannahan was on the evening in question as he was walking on Indiana avenue and saw a man attacked, who he afterwards learned was Mannahan; that he went to assist him, and as he approached he saw Mannahan draw a revolver and fire three times; that he hastened away and was afterwards arrested.

This was all of the evidence in the case, and it falls far short of proving the defendant guilty of a violation of the writ. We have held that in such a proceeding as this the evidence need not remove all reasonable doubt of the defendant's guilt, but it is very clear that the guilt should be established by a preponderance of the evidence. (*O'Brien v. People,* 216 Ill. 354.) The assault took place about ten months after the strike began and over seven months after the writ was issued. The evidence is entirely silent as to the condition of affairs around the plant during this interval. We cannot tell whether the strike had terminated before the assault, or whether it had continued during all the intervening time and the strikers had been guilty of continuous picketing, intimidation, interference and assault. If the strike had terminated and the controversy which occasioned the writ of injunction had been settled, it certainly would not be contended that the assault would be in violation of the

terms of the writ; but, on the other hand, if the strike had continued until that date and had been attended with acts of violence, that fact would be a circumstance to give color to the conduct of the defendant and would tend to show that the assault was a part of a systematic and continuous attempt to interfere with the business of the company, and hence be in violation of the injunction. The substance of the affidavit of Mannahan is that he was assaulted. He did not know McBride, the defendant, nor Piper, the man who he claims assaulted him. He was an entire stranger to both of them. His affidavit in no way connects McBride with the assault. He says that he passed a man on the corner who Schreiner afterwards told him was McBride. It certainly will not be seriously contended that this statement was competent evidence against the defendant. There is nothing to show that Mannahan, either before or after the assault, was able to personally identify McBride as the man whom he passed on the corner. The affidavit of Schreiner does not strengthen the case in any material respect. He knew McBride and saw him standing on the corner, and claims that as Mannahan passed, McBride pointed him out and the two men followed and made the assault. He says that McBride was watching Mannahan and the assault was part of a scheme. This last statement is certainly improper and is not admissible under any rule of law; and even if it were true and competent, it entirely fails to show why McBride was watching Mannahan, or that the assault, even if it were a scheme, was a part of any attempt to violate the injunction. Can it be said that because an injunction had been issued seven months before, and that McBride had once been employed by the company, and that an assault took place upon an employee, in the absence of any proof to show the purpose or object or circumstances under which the assault was made, the injunction was violated? It certainly will take more than evidence of this character to prove the defendant guilty. To say otherwise might render any former employee

guilty of violating the injunction just because he was engaged in a fight which might have taken place for any number of causes not in any way related to the injunction. In the absence of proof showing that the assault was for the purpose of violating the writ the defendant cannot be held liable.

The judgment will be reversed and the cause remanded for further proceedings in accordance with the views herein expressed.       *Reversed and remanded.*