HERMAN BERKOWITZ, Plaintiff in Error, *vs.* THE CHICAGO TERMINAL TRANSFER RAILROAD COMPANY, Defendant in Error.

*Opinion filed April 23, 1908—Rehearing denied June 4, 1908.*

1. APPEALS AND ERRORS—*power of Appellate Court to find ultimate fact differently from trial court.* Even though the evidentiary facts in a personal injury case are undisputed, yet the Appellate Court may find the ultimate facts to be different from those found by the trial court, and such finding will be conclusive upon the Supreme Court.

2. SAME—*a finding that defendant was not negligent is a finding of an ultimate fact.* A finding by the Appellate Court that the defendant in a personal injury case was not guilty of negligence contributing to the plaintiff's injury is the finding of an ultimate fact, which requires a judgment for the defendant, notwithstanding the determination of such ultimate fact necessitates the application of legal principles to the consideration of the evidentiary facts.

WRIT OF ERROR to the Branch Appellate Court for the
First District;—heard in that court on appeal from the Su-
perior Court of Cook county; the Hon. THEODORE BREN-
TANO, Judge, presiding.

JOHN F. WATERS, (FRED W. BENTLEY, of counsel,) for
plaintiff in error.

JESSE B. BARTON, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The Appellate Court for the First District reversed a
judgment recovered by the plaintiff in error against the de-
fendant in error for a personal injury caused by a collision
between a train of the defendant in error upon which the
plaintiff in error was a passenger and a switch engine of
the defendant in error. The cause was not remanded, the
Appellate Court having made a finding of facts as follows:
"And the court, upon the allegations and proofs in the rec-
ord in this cause contained, doth find that the appellant was
not guilty of negligence contributing to the injury com-
plained of in the plaintiff's declaration." The plaintiff in
error prosecutes this writ of error to reverse the judgment
of the Appellate Court.

The evidence tended to show that the engine which ran
into the train on which the plaintiff was a passenger had
been taken by its engineer to the round-house shortly before
the accident and left unguarded, under steam, on the round-
house tracks, ready to go out with another engineer; that
it was in good order, and the engineer left it with the re-
verse lever on the center, the throttle closed and latched and
the cylinder cocks open. Expert testimony was introduced
that if the engine was in good order and left as above
stated it would not start without the intervention of human
agency. It did start, ran out on the main track and into
the train on which plaintiff was a passenger, causing his in-

jury. A young man about nineteen years old was employed at the round-house as a call boy, and it was his duty to see that the oil cans on the engine were supplied with oil. He was on the engine when it started, and he testified that he did nothing to start the engine but that it started of itself. In the opinion of the Appellate Court it is stated that the proximate cause of the accident was the experimenting of the call boy with the levers when he entered the engine cab to fill the oil cans.

The errors assigned are, that the Appellate Court erred in holding that the defendant was not liable for the negligence of the call boy; in holding that the collision did not make a *prima facie* case of negligence on the part of the defendant; in reversing the judgment of the trial court under the admitted facts as shown in the record; in holding that it was not negligence to leave the switch set in such a way that the engine could run through it upon the main track, and in not affirming the judgment of the trial court.

The errors assigned do not exist in the record. The record shows that the Appellate Court made a finding of fact that the defendant was not guilty of negligence contributing to the plaintiff's injury. This was a finding of ultimate fact which required a judgment for the defendant, regardless of any other question in the case. (*Hawk* v. *Chicago, Burlington and Northern Railroad Co.* 147 Ill. 399; *Borg* v. *Chicago, Rock Island and Pacific Railway Co.* 162 id. 348; *Davis* v. *Chicago Edison Co.* 195 id. 31; *National Life Ins. Co.* v. *Metropolitan Life Ins. Co.* 226 id. 102.) Although there may be no dispute in regard to the evidentiary facts, yet the conclusion or inference to be drawn from them, which conclusion or inference is the ultimate fact or facts in the case, must be determined by the Appellate Court. Even where there is no contradiction in the testimony such determination may be different from that of the trial court, and it is final and conclusive on this court. (*Huyett & Smith Manf. Co.* v. *Chicago Edison Co.* 167 Ill. 233; *Roem-*

*held* v. *City of Chicago,* 231 id. 467; *Manthei* v. *Belt Railway Co.* 232 id. 568.)   In case of such finding of fact by the Appellate Court this court has nothing to do with the weight of the evidence, and can inquire no further than to ascertain whether there was evidence tending to support the finding.

The Appellate Court has not held as matters of law, as assumed by the assignment of errors, that the collision did not make a *prima facie* case against the defendant, that it was not negligence to leave the switch set so that the engine could reach the main track, or that the defendant was not liable for the negligence of the call boy.  Negligence is a question of fact.  Whether it was negligence to have the switches set in the way they were set; whether the call boy was guilty of negligence for which the defendant was liable; whether his act in setting the engine in motion, if he did so, was a negligent act in the performance of his duties or an unauthorized act entirely outside the scope of his duties; whether the defendant, in the management of its engine and switches at the time of and prior to the accident, exercised the degree of care required by the law under the circumstances, were all questions of fact.  They were the subsidiary or evidentiary facts bearing upon the ultimate fact of the defendant's negligence.  To reach a conclusion as to the defendant's negligence requires the application of legal principles to the consideration of the evidentiary facts, but whether or not what is shown by the evidence amounts to negligence is a question of fact.  Such question is not subject to review in this court.  *Hecker* v. *Illinois Central Railroad Co.* 231 Ill. 574.

The judgment of the Appellate Court is therefore affirmed.                                     *Judgment affirmed.*