CHARLES A. BARTLETT, Admr., Plaintiff in Error, *vs.* THE
LUMAGHI COAL COMPANY, Defendant in Error.

*Opinion filed December 15, 1908.*

APPEALS AND ERRORS—*Appellate Court's finding as to ultimate
facts in a personal injury case is conclusive.* In a personal injury
case by a servant against the master, the question whether the de-
fendant was guilty of the negligence charged or the plaintiff as-
sumed the risk as an ordinary hazard of his employment are the
ultimate questions of fact to be determined from a consideration
of all the evidentiary facts in the case, and the finding of the Ap-
pellate Court as to such ultimate facts is conclusive.

WRIT OF ERROR to the Appellate Court for the Fourth
District;—heard in that court on appeal from the Circuit
Court of Madison county; the Hon. B. R. BURROUGHS,
Judge, presiding.

C. H. BURTON, for plaintiff in error.

WISE, McNULTY & KEEFE, (L. R. BROKAW, and EL-
LERBE & ELLERBE, of counsel,) for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The plaintiff in error recovered a judgment in an action
on the case against the defendant in error for damages on
account of the death of Rudolph J. Novosat, his intestate,
which was reversed by the Appellate Court, with a finding
of fact that the death of the deceased was not caused by
the negligence of the defendant but was brought about by
one of the ordinary risks and hazards of his employment
which he assumed. The plaintiff in error has sued out a
writ of error to reverse the judgment of the Appellate
Court and has argued only questions of fact.

The deceased was an experienced driver engaged in
hauling coal in the mine of the defendant in error. While
he was driving a mule hauling two loaded cars down a
steep grade in an entry of the mine, the hook by which the

front car was attached to the mule came out of the coupling and caught in one of the ties, the mule was stopped, and the cars running down the grade ran against the mule. Deceased was thrown from the car by the collision and killed. The negligence charged was that the roadway was full of holes, so that the ties were exposed and the hook by which the mule was attached to the cars was likely to catch on them; that the track was too steep and the rails so smooth that the cars would run down as fast as the mule could run, and that the hook by which the mule was attached to the cars was not safe but would come unhooked from the car.

Evidence was introduced showing the condition of the track and rails and of the hook. The questions whether the track and rails were in a reasonably safe condition, whether it was practicable to change the grade or to maintain a smooth track, whether the hook was reasonably safe, and whether any defects which existed were so apparent that the deceased ought to have seen and known them, were all questions of fact toward which the evidence was directed. The plaintiff had the affirmative of all the issues, and the burden of proving one or more of the counts of his declaration rested upon him.

Whether the defendant was guilty of negligence and whether the deceased assumed the risk were the ultimate questions of fact to be determined from a consideration of all the evidentiary facts in the case. The inference to be drawn from such evidentiary facts must be determined by the Appellate Court, and its determination is final and conclusive on this court. *Berkowitz* v. *Terminal Railroad Co.* 234 Ill. 450; *Manthei* v. *Belt Railway Co.* 232 id. 568; *Roemheld* v. *City of Chicago,* 231 id. 467.

The judgment is affirmed.        *Judgment affirmed.*