(No. 22645.—)

THE PEOPLE *ex rel.* John S. Rusch, Defendant in Error, *vs.* FRANK KOTWAS *et al.* Plaintiffs in Error.

*Opinion filed April 17, 1936.*

HERRICK, J., dissenting.
WILSON, J., took no part.

EDWARDS, BLOCK & BAIRSTOW, and NASH & AHERN, (MICHAEL J. AHERN, and SIDNEY H. BLOCK, of counsel,) for plaintiffs in error.

Otto Kerner, Attorney General, Thomas J. Courtney, State's Attorney, and J. J. Neiger, (John F. Cashen, Jr., Edward F. Dunne, and Walter F. Dodd, of counsel,) for defendant in error.

Mr. Justice Shaw delivered the opinion of the court:

Plaintiffs in error, who were judges and clerks of an election held in Chicago, November 8, 1932, were found guilty of contempt of court by the county court of Cook county, which imposed various sentences on the different parties. The citation was issued and the proceedings had pursuant to the statute (Smith's Stat. 1933, chap. 46, art. 2, sec. 13,) which provides for the summary punishment of misbehavior by judges or clerks of election. The judgments against the plaintiffs in error have been affirmed by the Appellate Court for the First District and a further review is sought by this writ of error. .

The statute under which the plaintiffs in error were punished provides, in substance, that judges and clerks of election, appointed as therein provided, shall be commissioned by and become officers of the county court, "and shall be liable in a proceeding for contempt for any misbehavior in their office, to be tried in open court on oral testimony in a summary way, without formal pleadings, but such trial or punishment for contempt of court shall not be any bar to any proceedings against such officers, criminally, for any violation of this act."

Section 121 of the former Practice act, which was in effect prior to January 1, 1934, provided that judgments of the Appellate Court should be final, subject to certain exceptions, not here material, and except in cases "wherein appeals and writs of error are specifically required by the constitution of the State to be allowed from the Appellate Courts to the Supreme Court." Section 11 of article 6 of the constitution provides that writs of error shall lie from

this court to the Appellate Court, *inter alia*, "in all criminal cases."

In *People* v. *Panchire,* 311 Ill. 622, the defendant was found guilty of violating an injunction issued under the former prohibition law. She was sentenced to pay a fine of $1000, to serve one hundred days in jail, and if the fine was not paid at the end of the jail sentence, to work out the fine at the rate of $1.50 per day by laboring on the streets and alleys in the city of Benton. That portion of the sentence which required labor was based upon paragraph 391 of the Criminal Code (Smith's Stat. 1933, p. 1056,) permitting such a penalty in case of persons "convicted of petit larceny, or any misdemeanor punishable under the laws of this State, in whole, or in part, by fine." We held that this contempt was neither a crime nor misdemeanor, and reviewed the cases on the point at considerable length. Among other things we said: "While contempts are generally spoken of as offenses, yet by the greater weight of authority and better reasoning they are in reality *sui generis,*—they are quasi crimes or offenses. The proceeding is in the nature of a criminal proceeding, but they are not crimes within the meaning of the statute defining misdemeanors, or the constitution requiring that the accused shall have the right of trial by jury. The rules regarding the trial of crimes by information or indictment are not applicable to proceedings for contempt. It may also be noted in drawing the distinction between contempts and crimes as they are known in the criminal law, that nowhere in the law are courts of chancery given criminal jurisdiction though they are empowered to punish for contempt. We are of the opinion, therefore, that a contempt cannot be said to be a 'misdemeanor punishable under the laws of this State, in whole, or in part, by fine,' and that paragraph 391 of the Criminal Code (Smith's Stat. 1923, p. 700,) does not apply to offenses of this character."

In *People* v. *Jilovsky,* 334 Ill. 536, we held that a proceeding pursuant to a citation under the foregoing section of the City Election act, was not such a criminal prosecution as was contemplated by section 33 of article 6 of the constitution, requiring that criminal prosecutions be carried on in the name and by the authority of the People of the State of Illinois. In the same case we re-affirmed our holding that contempts are not crimes, within the meaning of the statute defining misdemeanors, (citing *People* v. *Panchire, supra,*) and in *People* v. *White,* 334 Ill. 465, we held that a contempt under this act could not be said to be a criminal contempt, as that term was understood at the common law.

It is further to be noted that the act expressly provides that no punishment administered pursuant to its terms shall be a bar to any criminal prosecution where the same facts constitute a crime. Furthermore, the provision permits punishment for "any misbehavior in their office." This could include many things not criminal in their nature which may be readily conceivable which would not amount to any form of crime. Upon reason, as well as authority, we are of the opinion that this is not a criminal case within the meaning of section 11 of article 6. of the constitution, and that we have no jurisdiction to review the judgment of the Appellate Court by writ of error.

The writ of error will therefore be dismissed.

*Writ dismissed.*

Mr. JUSTICE HERRICK, dissenting.

Mr. JUSTICE WILSON having delivered the opinion of the Appellate Court for the First District in *People* v. *Benjamin, (post,* p. 344,) and having participated in the decision of the Appellate Court in *People* v. *Ford, (post,* p. 340,) took no part in the decision of this case, which controls the decisions in both the Benjamin and Ford cases.