People of the State of Illinois ex rel. John S. Rusch, Appellee, v. Eugene Steiner et al., Appellants.

Gen. No. 40,849.

Opinion filed January 20, 1941. Rehearing denied February 5, 1941.

SIMON HERR and MAYER GOLDBERG, both of Chicago, for appellants.

THOMAS J. COURTNEY, State's Attorney, for appellee; JOHN F. CASHEN, JR., of Chicago, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

Respondents acted as judges of election at a primary held April 12, 1938, in the 33rd precinct of the 24th ward of Chicago. They appeal from a judgment of the county court on a finding of guilty of misbehavior in performance of their duties. Lidovsky and Steiner were sentenced to serve one year each in the county jail; Mrs. Fishman to pay a fine of $500.

It is contended the trial judge was disqualified by personal interest; that the county court was without legal authority to open the ballot box; that the finding and judgment are contrary to evidence and the punishment excessive.

The question of the right to open the ballot box and put the ballots in evidence has been answered in the affirmative by the Supreme Court pending this appeal. *Stockholm v. Daly,* 374 Ill. 441.

The disqualification of the trial judge is urged because he was a candidate for renomination at this primary, and the alleged wrongdoing of respondents resulted in his getting a less number of votes. In a similar case we have held he was disqualified. (*People ex rel. Rusch v. Cunningham,* 308 Ill. App. 63, opinion filed today.) There the question was raised by motion supported by affidavit to facts not denied. Here the question is not preserved by any motion made or in any other way. Technically, respondents must be held to have waived their right in this regard.

However, the personal interest of the trial judge inheres in the case (*Schmidt v. United States,* 115 F. (2d) 394), and may not be entirely disregarded in the performance of our duty to weigh the evidence and consider the guilt of respondents and the severity of the penalties inflicted. These penalties are severe. They can be justified only on the theory defendants changed or acquiesced in changing ballots. This was done by someone. The evidence tends to show that after the polls were closed and the ballots piled on a table, these changes were made by someone who intended to take votes from Judge JARECKI and give them to his opponent. A few ballots show changes of an opposite kind; that is, taking away votes from his opponent and giving more votes to Judge JARECKI. It is possible that some of these changes by erasures were by the voters themselves in the booths, but we are convinced that someone tampered with the ballots with

unlawful intent. The persons guilty deserve severe punishment.

Respôndents. were all inexperienced. Many other persons were present when the box was opened and the ballots piled upon the table. About that time the ladies were necessarily absent for about ten minutes. Steiner and Lidovsky a little later were likewise absent for the same reason and about the same time. More than twelve persons were present at the time of the opening and counting of the ballots, including two investigators selected by the election commissioners. They testified for the People but there is no evidence disclosing when or by whom or how these changes were made. The investigators made reports to the election commissioners without criticism of respondents or any of the election officials.

Respondents testified (also the clerks who were discharged) denying they had any knowledge of any misbehavior. The impression produced by the evidence is that the changing of the ballots was the work of an outsider. It is possible that there was connivance by some member of the board. It was, of course, a part of the duty of the judges of election to protect these ballots. The unchallenged good character of these officials raises doubt of intentional wrongdoing on their part. They were inexperienced, and the evidence does not convince of their personal guilt.

The courts have no right to guess defendants into jail. It is just as important that persons accused but innocent should be exonerated as that those guilty should be punished. The evidence in this case is insufficient to sustain the penalties imposed. The judgment will be reversed and the cause remanded for another trial.

*Reversed and remanded.*

O'CONNOR, P. J., and McSURELY, J., concur.