(No. 28141.—

THE PEOPLE *ex rel.* North American Investment and Loan Association, Inc., Defendant in Error, *vs.* ROSE KITZER *et al.*—(PHILIP KITZER, Plaintiff in Error.)

*Opinion filed January 17, 1945.*

Louis J. Gould, and Stephen Lee, both of Chicago, for plaintiff in error.

George F. Barrett, Attorney General, and Thomas J. Courtney, State's Attorney, of Chicago, (Edward E. Wilson, John T. Gallagher, and Melvin S. Rembe, all of Chicago, of counsel,) for defendant in error.

Mr. Justice Gunn delivered the opinion of the court:

The municipal court of Chicago entered an order adjudging plaintiff in error, Philip Kitzer, guilty of contempt and sentenced him to imprisonment in the common jail of Cook county for thirty days. The order was entered in a supplemental proceeding upon the refusal of plaintiff in error to deliver to the bailiff of the municipal court an automobile, as he had been previously ordered to do by the court. An appeal was taken to the Appellate Court for the First District and the order of the municipal court affirmed. The cause is brought to this court by plaintiff in error upon writ of error.

The record contains no more of the proceedings in the municipal court than the order appealed from, which is in words and figures following:

"ORDER.

This cause coming on to be heard why the defendant, Philip Kitzer, should not be attached for contempt of this court for his failure to comply with an order of this Court, entered on July 7th, 1942 requiring the said defendant to turn over immediately one 1941 Packard automobile, that he owns, has in his possession and control and which is not exempt from execution or garnishment, to the Bailiff of the Municipal Court of Chicago, to be by him sold at public sale and the proceeds of said sale applied towards the satisfaction of the execution issued out of this cause; the defendant being present in open Court and being represented by counsel and the Court having heard the testimony and it appearing to the Court that it has jurisdiction over the subject matter involved herein and the parties hereto Doth Find:

That the defendant Philip Kitzer in open Court has wilfully failed and refused to obey the order of this Court by refusing to turn over said 1941 Packard automobile immediately or at any other time to the Bailiff of the Municipal Court of Chicago, to be by him sold and the proceeds applied towards the satisfaction of the execution issued out of this cause as aforesaid.

The Court further finds and adjudges said defendant, Philip Kitzer, to be guilty of contempt of this Court and that the contempt has tended to defeat and impair the rights and interests of the plaintiff and tends to bring the administration of justice in contempt.

It Is Therefore Ordered that the defendant, Philip Kitzer be committed to the Common Jail of Cook County, Illinois, for a period of 30 days from the date hereof, or until he be released by due process of law, and that a warrant for such commitment issue forthwith directed to the Sheriff of Cook County, Illinois.

Dated this 7th day of July, A.D. 1942.

Enter: JOSEPH J. DRUCKER,
Judge."

Plaintiff in error contends that this order is void in that it fails to set out the requisite facts constituting a direct contempt, and that the order is erroneous in that the punishment is for a supposed contempt in a supplemental proceeding in aid of execution, and should not be

punitive in character, but should have been conditional in its nature, thereby permitting the plaintiff in error to purge himself by performing the court's order, or permitting him to be discharged as otherwise provided by law.

Section 64 of the Municipal Court Act (Ill. Rev. Stat. 1943, chap. 37, par. 424,) provides a remedy in the municipal court of Chicago by supplemental proceedings in aid of execution on money judgments. In terms it has application to money judgments in excess of $25, exclusive · of costs, and upon which an unsatisfied execution has been issued within seven years of its rendition, in which case a judgment creditor may require the judgment debtor to attend court and be examined under oath. And when it appears from the examination or other testimony that the judgment debtor has in his possession or under his control money or other property belonging to him, not exempt from execution, the court may make an order directing the judgment debtor to pay the money, assign the chose in action, or deliver the articles of personal property to the bailiff of the municipal court, to be by him collected or sold and the proceeds applied towards the satisfaction of the execution. And if the proceeds of the sale exceed the amount due on such execution and the costs accrued, the overplus shall be paid to the judgment debtor.

It appears from the recitals of the order set out above that the court entered an order on July 7, 1942, requiring the plaintiff in error to immediately turn over a certain automobile that he owned and had in his possession, and which was not exempt from execution, to the bailiff, to be by him sold and the proceeds applied in satisfaction of the execution. The order sought to be reviewed recited the plaintiff in error was in open court and was represented by counsel, and that the testimony was heard, and it appeared the court had jurisdiction over the subject matter and the parties, and that plaintiff in error in open court refused to obey the previous order of the court by turning over

said automobile to the bailiff to be sold to discharge said execution.

It is to be observed there are two orders involved in this proceeding. The first order is the one of July 7, 1942, requiring the plaintiff in error to turn over the automobile; the second order is one of the same date, which refers to the prior order, and finds that plaintiff in error has willfully failed and refused to comply with it, and adjudges him to be in contempt and commits him to jail.

The first order of July 7, 1942, requiring plaintiff in error to deliver his automobile to the bailiff is not appealed from. The appeal was taken from the order adjudging plaintiff in error guilty of contempt. There is no record before this court concerning the original order, and there is nothing in the record showing its validity was questioned in any way. Any attack, therefore, the plaintiff in error makes in respect to the original order requiring him to deliver his automobile to the bailiff is collateral in character. There is nothing in the record disclosing the grounds upon which the former order was entered or the terms thereof, except as recited in the contempt order; nor are the legal proceedings out of which it is issued before this court.

While the point is not raised by either side, it is important to determine whether the contempt for which plaintiff in error was punished constituted a civil contempt or a criminal contempt, for if it belonged to the former variety it is not reviewable upon a writ of error. (*People ex rel. Rusch* v. *Kotwas,* 363 Ill. 336; *Wilson* v. *Prochnow,* 359 Ill. 148. In the latter case we said: "Contempts have been classified as criminal contempts and civil contempts. The former includes acts in disrespect of the court or its process and those tending to bring the court into disrepute or abstruct the administration of justice. Civil contempts have been characterized as quasi-contempts, and consist in failing to do something which the contemner is ordered

by the court to do for the benefit or advantage of another party to the proceeding before the court." In this class of cases, while the authority of the court may be said to be incidentally vindicated, its power is called into exercise for the benefit of the private litigant, and not in the public interest alone. If imprisonment is ordered it is not as a punishment but to the end that the other party to the suit may obtain a remedy for the advancement of his own private interests and rights which he could not otherwise procure. See, also, *O'Brien* v. *People ex rel. Kellogg Switchboard and Supply Co.* 216 Ill. 354, and *Rothschild & Co.* v. *Steger & Sons Piano Mfg. Co.* 256 Ill. 196.

It is apparent from the record that the proceeding out of which the contempt arose was civil in nature, its purpose being in aid of the civil remedy of the plaintiff to collect a judgment. Since the statute authorizing supplemental proceedings under the Municipal Court Act is remedial in its character, the punishment of plaintiff in error for refusing to comply with the order of the municipal court, made for the purpose of enforcing the judgment against him, is a civil contempt and must be reviewed under the provisions of the Civil Practice Act. It is only contempts criminal in character which may be reviewed by writ of error. This proceeding was not a criminal contempt; in fact the plaintiff in error regarded it as a civil contempt by appealing from the municipal court to the Appellate Court rather than proceeding by writ of error, as he would have been compelled to do had it been criminal in character.

It follows that we are without jurisdiction to review this cause on writ of error and the writ is, therefore, dismissed.

*Writ of error dismissed.*