(No. 29440.—

THE PEOPLE *ex rel.* John S. Rusch, Appellant, *vs.* SYLVIA FUSCO *et al.*, Appellees.

*Opinion filed March 19, 1947—Rehearing denied Sept. 15, 1947.*

Stone and Wilson, JJ., dissenting.

William J. Tuohy, State's Attorney, (John F. Cashen, Jr., of counsel,) both of Chicago, for appellant.

Walter Hamilton, of Chicago, for appellee Harold L. Winget.

Mr. Chief Justice Gunn delivered the opinion of the court:

Respondents, Sylvia Fusco, Harold L. Winget, Bertha Black, Eunice Goodwin and Mary V. Varhol, as judges and clerks of election, were cited for contempt in the county court of Cook county under the provision of section 14-5 of the Election Code, (Ill. Rev. Stat. 1945, chap. 46, par. 14-5,) which, among other things, provides that such election officers are officers of the court," and shall be liable in a proceeding for contempt for any misbehavior in their office, to be tried in open court on oral testimony in a summary way, without formal pleadings, but such trial or punishment for contempt of court shall not be any bar to any proceedings against such officers, criminally, for any violation of this act."

The petition for contempt charged that, in a certain primary election, (1) such persons knowingly, fraudulently and unlawfully made a false canvass of the votes

cast in the election; (2) unlawfully permitted and acquiesced in permitting the filing of false applications to vote; and (3) unlawfully permitted and acquiesced in permitting false ballots to be cast in said election.

A hearing was had before the county court, and all of said defendants were found guilty of contempt, and each committed to the county jail for a period of one year. The cause was appealed to the Appellate Court for the First District, and that court, upon consideration of all of the evidence, found there was no evidence to show that the defendants, or any one of them, were guilty of the acts charged, and accordingly the judgment of the county court of Cook county was reversed. We have granted an appeal to this court.

The issue presented here is rather narrow. We have repeatedly held that a contempt proceeding under said section 14-5 is a proceeding for civil contempt, (*People ex rel. Rusch* v. *Kotwas,* 363 Ill. 336; *People ex rel. Rusch* v. *Singer,* 364 Ill. 480; *People ex rel. Rusch* v. *White,* 334 Ill. 465,) and that under the Civil Practice Act a case must be removed to this court by petition for appeal and not by writ of error, and that if writ of error is used the appeal will be dismissed. (*People ex rel. Rusch* v. *Kotwas,* 363 Ill. 336; *People ex rel. Rusch* v. *Ford,* 363 Ill. 340; *People ex rel. Rusch* v. *Greenzeit,* 363 Ill. 347.) It has been held many times that in a charge for civil contempt the respondents must be shown guilty by at least a preponderance of the evidence. (*Flannery* v. *People,* 225 Ill. 62; *McBride* v. *People ex rel. Goodman Manufacturing Co.* 225 Ill. 315, 49 A.L.R. 978.) If it is a criminal contempt the evidence must establish the guilt of the defendants beyond a reasonable doubt, (*People* v. *Spain,* 307 Ill. 283,) but since we have so many times held that a proceeding of the character here involved is a civil contempt it is sufficient if the guilt of the respondents be established by a preponderance of the evidence.

The Appellate Court made a number of specific findings of fact, and, without enumerating the same at length, among other things it was found that the "Respondents are charged with unlawfully permitting and acquiescing in permitting the filing of false applications; unlawfully permitting and acquiescing in permitting false ballots to be cast; and unlawfully making a false canvass. The first two charges involve intentional omissions, and the last, intentional acts of misconduct. Under the charge, guilty knowledge and intention are necessary elements in the case. It is conceded that some person was guilty of misconduct at the polls. The record does not show when, where or by whom the offense was committed. There is nothing to show that the acts were committed in the sight or hearing of the respondents, or that any of them were aware of what took place."

This finding raises the question as to whether this court has any power to review the evidence on the contention of the petitioners that the evidence is sufficient to show the respondents are guilty. Section 89 of the Civil Practice Act (Ill. Rev. Stat. 1945, chap. 110, par. 213,) provides: "If any final determination of any cause or proceeding tried without a jury, except as to equitable issues, shall be made by the Appellate Court, as the result wholly or in part of the finding of the facts, concerning the matter in controversy, different from the finding of the court from which such cause or proceeding was brought by appeal, it shall be the duty of such Appellate Court to indicate in its opinion or in its final order, judgment or decree, the facts as found; and *the statement of such facts by the Appellate Court shall be final and conclusive as to all matters of fact in controversy in such cause or proceeding.*"

There can be no doubt that the Appellate Court found specifically as to each of the respondents that there was not proof sufficient to show their guilt. If the proceeding here before us is a civil proceeding then we are bound by

the finding of the Appellate Court. (*Davis* v. *Chicago Edison Co.* 195 Ill. 31; *Berkowitz* v. *Chicago Terminal Transfer Railroad Co.* 234 Ill. 450; *Merlo* v. *Public Service Co.* 381 Ill. 300.) The only exception of which we are aware is where the effect of the Appellate Court decision is that there is not evidence sufficient, when considered alone, to sustain the charge, it becomes the duty of this court to examine the record to determine if there was any evidence tending to disprove the charge, before it could reverse without remanding. (*Sycamore Preserve Works* v. *Chicago and Northwestern Railway Co.* 366 Ill. 11.) If it is a criminal proceeding, of course section 89 of the Civil Practice Act would not apply.

The petitioner does not claim this is a criminal proceeding. In fact, the petitioner does not answer the contention of the respondents that the cause is a civil proceeding, and that the findings of the Appellate Court are binding upon this court. What petitioner does claim is that the Appellate Court erred in holding that respondents were presumed to be innocent. Certainly, neither the Appellate Court nor any other court would presume them to be guilty. Being a civil case the law requires them to be proved guilty by a preponderance of the evidence. The appellants do not contend otherwise. It is the same as any other civil case. The burden of proof is upon the party asserting the affirmative. There is not a single witness who testified to any conduct upon the part of any respondent that would tend to establish the charge. They each vigorously denied it. They were persons of good repute, and not interested either directly or indirectly in the result of the election. They were not alone in the election place. Watchers, police, representatives of the political parties and voters were constantly in the room. Therefore, unless it appears that these respondents had the exclusive opportunity to commit these frauds, the fact that fraud did

occur is not proof of their guilt when the opportunity to commit fraud was open to others.

The petitioner alleged in this case that the parties knowingly and unlawfully did, or permitted to be done, certain things in violation of election laws. We think it is not material as to how the charge was worded, but certainly it would have to be proved by a preponderance of the evidence that the respondents did violate the election law. The proof of a violation of the election law alone is not sufficient to prove guilt. Under the pleadings they were charged with unlawfully and knowingly permitting illegal ballots to be cast, or an unlawful canvass to be made. On this the proof is wholly wanting.

The appellant also contends that the Appellate Court erred in applying the rules applicable to criminal cases, *viz.,* in presuming that the respondents were innocent, and requiring proof of their guilt beyond a reasonable doubt. We do not think the case is susceptible to this objection. In addition to the general finding, the Appellate Court made specific findings as to each respondent of a character which would necessarily show they could not be guilty. It found each respondent had a good reputation for honesty and integrity; that neither the watcher, nor the policeman in charge, nor any other person observed any irregularity, or made any report of wrongdoing.

The Appellate Court further found that the evidence strongly showed the fraud was perpetrated by outsiders. It found that none of the defendants individually had been shown to have committed any of the acts charged in the petition for contempt, which left no issue as to the degree of proof requisite to prove the charge, or any occasion to apply the presumption of innocence.

We have presented here a case in which the People claim that it is a civil proceeding, in which fact we concur. If it is a civil case it must necessarily be covered by civil

procedure. Under civil procedure, (sec. 89, Civil Practice Act,) the findings of the Appellate Court are final and conclusive. The Appellate Court has found there was no evidence of any kind to show the respondents were guilty. The issue whether the rule relating to criminal evidence applies or whether the court applied the presumption of innocence applying to criminal cases becomes immaterial. We have held that the reasons given by the Appellate Court for its judgment do not control, but, if correct, will be sustained even though the reasons given were wrong. *Merlo* v. *Public Service Co.* 381 Ill. 300.

It is a rule in civil actions that no one is presumed to do wrong; that fraud is not presumed. The People having elected to consider this a civil case are bound by the law applying to civil procedure. Under the law, as applied in many cases, we are bound by the findings of the Appellate Court, and it has found for the defendants in the aggregate and individually, because the evidence failed to establish their guilt.

The judgment of the Appellate Court for the First District is affirmed.

*Judgment affirmed.*

STONE and WILSON, JJ., dissenting.